BASCHAB, Judge.
On September 1, 2000, the appellant, Nakia Cortez Echols, pled guilty to second-degree escape. The trial court sentenced him, as a habitual offender, to serve a term of ten years in prison. See § 13A-5-9(b)(l), Ala. Code 1975. It then split his sentence and ordered him to serve eighteen months in the Lee County Jail followed by four years on probation. On February 12, 2001, the State filed a “Motion to Set Aside Split Sentence and Revoke Probation of Defendant.” After conducting a hearing, the circuit court revoked the appellant’s split sentence and probation. This appeal followed.
The appellant argues that the circuit court erroneously revoked his split sentence and probation because he “did not receive sufficient notice of the claimed probation violation, the evidence to be used against him, the State’s revocation motion, and the setting of the revocation hearing.” (Appellant’s brief at p. 14.) He also argues that, in its written revocation order, the circuit court did not set forth the evidence upon which it relied and its reasons for revoking his split sentence and probation. During the revocation hearing, the appellant objected to proceeding with the hearing because he allegedly did not receive written notice of the revocation proceedings until the morning of the hearing and because he allegedly had not had adequate time to prepare a defense. The circuit court stated that, on February 22, 2001, its order setting the hearing had been sent to the attorney who had represented the appellant during his original guilty plea proceedings and during a hearing on a request for early release he had filed. Thereafter, it continued with the hearing.
The State asks that we remana this case to determine whether the appellant received adequate notice of the revocation proceedings and to instruct the circuit court to enter an adequate written revocation order. Therefore, we remand this case to the circuit court with instructions that that court make specific findings of fact as to whether the appellant received adequate notice of the revocation proceedings. If the appellant did receive adequate notice of the revocation proceedings, the circuit court shall enter a new revocation order that specifically states the evidence upon which it relied and its reasons for revoking the appellant’s probation. If the appellant did not receive adequate notice of the revocation proceedings, the circuit court shall set aside the revocation order and conduct a new revocation hearing after the appellant has been given adequate notice of the revocation proceedings. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days after the release of this opinion. The return to remand shall include the circuit court’s specific, written findings of fact and a transcript of the remand proceedings, if any, conducted by the circuit court.
REMANDED WITH INSTRUCTIONS.*
McMillan, p.j„ and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On October 19, 2001, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.